## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE No. BK 10-82442 |
| | ) | Chapter 11 |
| William Edward Julien, | ) | |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| James Jandrain, Richard Jandrain, | ) | |
| Michael and Jennifer Torti, | ) | Adversary Proceeding _____ |
| Michael Schilmoeller, James | ) | |
| and Sarri Williams, Paul Kramer, | ) | |
| Charles Clatterbuck, Robert | ) | |
| Clatterbuck, and Brent Clatterbuck, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| William Edward Julien, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO DETERMINE NONDISCHARGEABILITY

COMES NOW Plaintiffs James Jandrain, Richard Jandrain, Michael and Jennifer

Torti, Michael Schilmoeller, James and Sarri Williams, Paul Kramer, Charles

Clatterbuck, Robert Clatterbuck, and Brent Clatterbuck (collectively "Plaintiffs"), and for

their claims against Defendant William Edward Julien ("Julien"), Plaintiffs allege as

follows:

1.  This is a proceeding to determine the nondischargeability of a debt.

2.  Jurisdiction over this proceeding exists under 28 U.S.C. §1334(b).

1

3. This proceeding is a proceeding authorized to be heard by this Bankruptcy Court under 28 U.S.C. §157(a) as a core proceeding under 28 U.S.C. §157(b)(2)(l).

4. Plaintiffs are creditors of Julien. Julien as joint maker on notes to Plaintiffs is indebted to Plaintiffs as follows:

|   |   |   |
|---|---|---|
| a. | James Jandrain | $1,149,165.73 |
| b. | Richard Jandrain | $146,969.87 |
| c. | Michael and Jennifer Torti | $72,620.29 |
| d. | Michael Schilmoeller | $36,180.03 |
| e. | James and Sarri Williams | $36,097.23 |
| f. | Paul Kramer | $20,928.34 |
| g. | Charles Clatterbuck | $138,930.81 |
| h. | Robert Clatterbuck | $104,198.11 |
| i. | Brent Clatterbuck | $34,732.70 |

5. At all relevant times, Julien was President of Biovance Technologies, Inc. ("Biovance").

6. The debt of Julien to Plaintiffs underlying the Judgment arises from loans and extensions of loans dated June 1, 2009. The loans and extensions resulted from meetings and negotiations with James Jandrain. At those meetings, James Jandrain was both representing himself and was also the agent of the other 8 parties listed above in Paragraph 4. At one or possibly more of those meetings, Charles Clatterbuck, Brent Clatterbuck, and Robert Clatterbuck were also present. In all of those meetings, James Jandrain's role was as agent for all parties including the Clatterbucks when they were present. In those meetings Julien

2

induced the plaintiffs to make the loans listed in Paragraph 4 by fraud, false

representations, and/or false pretenses. It was part of such fraud, false

representations, and/or false pretenses for Julien to state directly to James

Jandrain and indirectly to those for whom James Jandrain was acting as agent that

he was developing a Private Placement Memorandum ("PPM") for James

Jandrain and the other Plaintiffs to consider an investment in a byproduct business

he was developing that would significantly enhance the value of byproducts

produced by ethanol plants. All Plaintiffs are either equity holders in or have

made loans to ethanol plants. After various delays and extensions, Julien

executed notes to Plaintiffs due May 31, 2010. The notes contained an option to

convert the loan to equity in Biovance on or before May 31, 2010. Plaintiffs did

not exercise this conversion option so the loans became due May 31, 2010. To

this date, Plaintiffs have not received any such PPM.

7.  It was also part of such fraud, false representations, and/or false pretenses to

    induce James Jandrain and those for whom James Jandrain was acting as agent for

    Julien/Biovance to induce Plaintiffs to loan to Julien funds and to promise that

    they would earn a favorable interest rate while he said he was formalizing his

    Biovance business opportunity for them and preparing a PPM for their

    consideration. Julien has never provided any accounting of the funds Plaintiffs

    loaned him and it appears more likely than not that no business opportunity such

    as that described by Julien ever existed. The representations made by Julien were

    intentionally false or made with reckless indifference to whether they were true or

    false and were made only to induce Plaintiffs to loan him funds. Further false

representations were made by Julien to calculate and conceal the fraud up until

the date of his bankruptcy filing. Plaintiffs justifiably relied on Julien's

representations.

8. It was also part of such fraud, false representations, and false pretenses for Julien

to assert that he had a significant net worth with limited debt upon which assertion

Plaintiffs justifiably relied. These assertions of Julien concerning his net worth

were materially false in several respects, including, among other things, that he

included assets of his wife, did not disclose Julien's liabilities, and did not

disclose Julien's contingent liabilities.

9. The fraud of Julien and his false representations and false pretenses were the

proximate causes of damage to the Plaintiffs in the amounts shown in Paragraph 4

plus interest.


WHEREFORE, Plaintiffs pray for an Order determining that Defendant Julien's debts

to Plaintiffs in the amounts indicated in Paragraph 4 herein, including interest until

payment, are nondischargeable; awarding each Plaintiff a money judgment in the

amount of their debt with interest; awarding each Plaintiff costs and their attorneys'

fees to the extent permitted by law; and awarding each Plaintiff any and all other and

further relief to which each Plaintiff may be entitled.

4

Dated this 1st day of February, 2011.

James Jandrain, Richard Jandrain, Paul
Kramer, Michael Schilmoeller, Michael
and Jennifer Torti, and James and Sarri
Williams, Charles Clatterbuck, Robert
Clatterbuck, and Brent Clatterbuck
Claimants and Plaintiffs.

By: s/ Jerrold L. Strasheim
     Jerrold L. Strasheim #14070
     3610 Dodge Street, Suite 212
     Omaha, NE 68131
     (402) 346-9330
     Their Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2011, I caused filing of the foregoing with the

Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such

filing to all CM/ECF participants.  By separate Summons, Julien will also be served by

mail.

s/ Jerrold L. Strasheim
Jerrold L. Strasheim